UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE JAMES KEENAN, d.b.a. DATA PROPERTY SERVICES,<br><br>　　　　　　Debtor.<br>_____<br>JAMES W. KEENAN and JUDY M. KEENAN,<br><br>　　　　　　Plaintiffs/Appellants,<br><br>v.<br><br>ROSS M. PYLE; PROCOPIO, CORY, HARGREAVES & SAVITCH, a business entity; JEFFREY ISAACS, an individual; and DOES 1-50, inclusive,<br><br>　　　　　　Defendants/Appellees.<br>_____ | Civil No. 07cv451-L(RBB)<br><br>Bankruptcy No. 96-00871-B11<br>Adversary Proc. No. 06-90341-B11<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART APPELLANTS' EX PARTE APPLICATION FOR EXTENSION OF TIME; (2) AMENDING BRIEFING SCHEDULE FOR BANKRUPTCY APPEAL; AND (3) CONTINUING HEARING DATE** |

　　　On May 4, 2007, Appellants, proceeding *pro se* in this bankruptcy appeal, filed an ex parte application seeking an extension of time to file the record on appeal and their opening brief. Pursuant to this court's March 16, 2007 Scheduling Order, the record on appeal was due on April 16, 2007 and Appellants' opening brief was due on May 14, 2007. On April 20, 2007, Appellees filed a Notice of Appellants' Noncompliance with Court's Scheduling Order; however, they did not file an opposition to Appellants' ex parte application. For the reasons which follow, Appellants' ex parte application is **GRANTED IN PART AND DENIED IN PART**.

1    Appellants made their first Request for Production of Transcript on Appeal more than a
2 week after the Scheduling Order, on March 27, 2007, and did not list the transcripts requested.
3 (*See* Ex. A.)  Since the form request provides for production of transcripts within 30 days for
4 receipt, it was apparent at the time of Appellants' initial request, that they most likely could not
5 comply with this court's Scheduling Order.  Furthermore, they did not follow up with another
6 request listing the requested transcripts until April 12, 2007, four days before the due date.  (*See*
7 Ex. B.)  Appellants subsequently made a third request on April 27, 2007.  (Ex. C.)  They
8 maintain they failed to timely file the record on appeal because the court reporters were unable
9 to locate the transcripts, and request an extension of time until May 16, 2007.  In addition,
10 Appellants request an extension of time to file their opening brief until August 16, 2007.  The
11 sole reason provided is that they are proceeding *pro se*, while the Appellants employ numerous
12 counsel..

13    Although Appellants are proceeding *pro se* on this appeal, they are no strangers to
14 bankruptcy litigation and appeals.  (*See* Notice of Related Cases, filed 3/22/07.)  Accordingly,
15 they are familiar with court deadlines, obtaining transcripts of proceedings and brief writing.  In
16 addition, it appears Appellants are at least in part to blame for missing the April 16 due date,
17 since they delayed before making their first request and did not specify the transcripts they
18 requested.  However, because it appears that there may have been other difficulties with timely
19 obtaining transcripts, Appellants' ex parte application is **GRANTED IN PART AND DENIED**
20 **IN PART** as provided in the amended briefing schedule below.

21    A hearing for purposes of the instant appeal from the United States Bankruptcy Court,
22 currently set before the Honorable M. James Lorenz for July 16, 2007, is hereby **CONTINUED**
23 to **August 20, 2007, at 10:30 a.m.** in Courtroom 14.  In preparation for the hearing, the court
24 **ORDERS** the following briefing schedule on appeal:

25    1.    The court shall receive a Record of Appeal no later than **May 21, 2007**.  The
26 Record of Appeal includes any portion of the Bankruptcy Court's decision that is being appealed
27 by the appellant or cross-appealed by the appellee.  It is the counsel's obligation, or the party's, if
28 appearing *in pro per*, after determining those sections of the record relevant to the appeal or

cross-appeal, to notify the court reporter and arrange for the desired portions of the transcript to be prepared and sent to the bankruptcy appeals clerk at the Bankruptcy Court.  *See* Fed. R. Bankr. P. 8007; General Order 312-D § 2.03.  All counsel, or parties *in pro per*, intending to appeal a portion of the Bankruptcy Court's decision, therefore, must notify the court reporter sufficiently in advance so that the transcripts may be completed and submitted to the appeals clerk of the Bankruptcy Court in a timely fashion.  Each counsel, or party *in pro per*, must also provide to the bankruptcy appeals clerk two copies of any documents he or she desires be made part of the record so the clerk can certify those documents and transmit them to this court as part of the Record of Appeal.  Each counsel, or party *in pro per*, is solely responsible for monitoring the process governing the completion of the record to ensure that this court is provided a certified Record on Appeal under the schedule established in this order.  If the appellee intends to certify portions of the record after receiving the submissions by the appellant, then counsel for the appellee, or the appellee *in pro per*, must do so with the promptness required to comply with the briefing schedule set below.

     2.     No later than **June 18, 2007** the appellant shall serve and file the motion opening brief with supporting evidence.  The motion shall comply with the Local Rules for the United States District Court for the Southern District of California ("Local Rules"), Civil Local Rule 7.1.h.  Any cross-appeals shall be treated as motion opening briefs for purposes of this briefing schedule and filed by the opening brief deadline.

     3.     No later than **July 16, 2007** the appellee shall serve and file the responsive brief and supporting evidence.  The responsive brief shall comply with the Local Rules, Civil Local Rule 7.1.h.

     4.     No later than **July 30, 2007** the appellant shall serve and file any reply brief and any evidence directly rebutting the supporting evidence contained in the appellee's responsive brief.  The reply shall comply with the Local Rules, Civil Local Rule 7.1.h.

/ / / / /

/ / / / /

/ / / / /

1  Appellants are reminded that pursuant to Civil Local Rule 83.11(a) they are bound by the
2 local rules of this district and the applicable federal rules. "Failure to comply therewith may be
3 ground for dismissal or judgment by default."

4  **IT IS SO ORDERED.**

5

6 DATED: May 15, 2007

7
 M. James Lorenz
8 United States District Court Judge

9 COPY TO:

10 HON. RUBEN B. BROOKS
   UNITED STATES MAGISTRATE JUDGE
11
   ALL COUNSEL/PARTIES
12