UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE JAMES KEENAN, d.b.a. DATA PROPERTY SERVICES,<br><br>　　　　　Debtor.<br>_____<br>JAMES W. KEENAN and JUDY M. KEENAN,<br><br>　　　　　Plaintiffs/Appellants,<br><br>v.<br><br>ROSS M. PYLE; PROCOPIO, CORY, HARGREAVES & SAVITCH, a business entity; JEFFREY ISAACS, an individual; and DOES 1-50, inclusive,<br><br>　　　　　Defendants/Appellees.<br>_____ | Civil No. 07cv451-L(RBB)<br><br>Bankruptcy No. 96-00871-B11<br>Adversary Proc. No. 06-90341-B11<br><br>**ORDER DENYING APPELLANTS' EX PARTE APPLICATION FOR EXTENSION OF TIME** |

On August 3, 2007, Appellant James W. Keenan, proceeding *pro se* in this bankruptcy appeal, filed an ex parte application seeking an extension of time to file a reply brief. Appellees oppose the request. For the reasons which follow, the application is **DENIED**.

Appellants James W. and Judy Keenan are proceeding *pro se*. Although each *pro se* litigant may appear on his or her own behalf, "the privilege is personal" to each one of them. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). In this regard, Civil Local Rule 83.11(a) of this District provides in pertinent part: "Any person who is appearing . . . *pro se* must appear personally for such purpose and may not delegate that duty to any other

person, including husband or wife, or another party on the same side appearing without an attorney." The ex parte application, signed only by Mr. Keenan is therefore not accepted on behalf of Mrs. Keenan.

This is Appellants' fourth request for an extension of time in this appeal. Despite three extensions of time to file record on appeal and extensive prior experience with bankruptcy litigation and appeals (*see* Notice of Related Cases, filed 3/22/07), Appellants did not timely file it. Their *pro se* status is no excuse. *Pro se* litigants are bound by the orders of this court, rules of court and Federal Rules of Civil Procedure. Civ. Loc. R. 83.11(a). "Failure to comply therewith may be ground for dismissal . . .." *Id*.

Pursuant to this court's May 16, 2007 order, their reply brief was due on July 30, 2007. Appellants request a 30-day extension of time because Appellees' opposition brief, filed July 16, 2007, was stricken on July 17, 2007. Pursuant to the order of the court, Appellants were granted leave to re-file their brief on July 25, 2007. Although Appellants were served with the opposition brief before it was stricken, they did not prepare a reply, apparently did not contact Appellants' counsel to confer, and did not inquire with the court. Instead, they went on vacation.

Requests for enlargement of time may be granted for excusable neglect. Fed. R. Civ. P. 6(b). *Pioneer Investment Services Company v. Brunswick Associates* established a balancing test to determine whether an untimely filing is due to excusable neglect:

> (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith.

*Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (*en banc*) citing *Pioneer*, 507 U.S. 380, 395 (1993).

Appellees assert they are being prejudiced because the closing of a more than a decade-old bankruptcy case has been repeatedly delayed by Appellants, including prior delay in this appeal. The current delay of thirty days would be additional to a 30-day extension of the briefing schedule Appellants had obtained earlier in this appeal. The reason for the current delay was entirely in Appellants' control and their conduct does not appear to be in good faith. They

1 | neither conferred with opposing counsel regarding the status of their opposition brief nor
2 | contacted the court. They waited until after the due date was past to request an extension of
3 | time.
4 |     For the foregoing reasons, the court finds the neglect was not excusable. Accordingly,
5 | Appellant James M. Keenan's Ex Parte Application for an Extension of Time to File Appellants'
6 | Reply Brief is **DENIED**.
7 |     **IT IS SO ORDERED.**
8 |
9 | DATED: August 14, 2007
10 |
11 |     M. James Lorenz
    United States District Court Judge
12 | COPY TO:
13 | HON. RUBEN B. BROOKS
    UNITED STATES MAGISTRATE JUDGE
14 | ALL COUNSEL/PARTIES