1

2

3

4

5

6

7                        UNITED STATES DISTRICT COURT

8                     SOUTHERN DISTRICT OF CALIFORNIA

9

10   IN RE JAMES KEENAN, d.b.a. DATA
     PROPERTY SERVICES,                )   Civil No. 07cv451-L(RBB)
                                       )
11              Debtor.                )   Bankruptcy No.  96-00871-B11
     ─────────────────────────────    )   Adversary Proc. No.  06-90341-B11
12                                     )
     JAMES W. KEENAN and JUDY M.       )   **ORDER AFFIRMING JUDGMENT**
13   KEENAN,                           )   **OF BANKRUPTCY COURT**
                                       )
14           Plaintiffs/Appellants,    )
                                       )
15   v.                                )
                                       )
16   ROSS M. PYLE; PROCOPIO, CORY,     )
     HARGREAVES & SAVITCH, a business  )
17   entity; JEFFREY ISAACS, an individual; )
     and DOES 1-50, inclusive,         )
18                                     )
              Defendants/Appellees.    )
19   ─────────────────────────────    )

20          In this bankruptcy case pending in the United States Bankruptcy Court for the Southern

21   District of California, Appellants James and Judy Kennan filed a complaint in an adversary

22   proceeding against the bankruptcy trustee and his counsel for RICO violations, breach of

23   fiduciary duty, civil rights violations, declaratory relief, breach of contract, negligence and

24   injunctive relief.  Appellees filed motions to dismiss pursuant to Federal Rule of Civil

25   Procedure12(b)(6) or in the alternative for summary judgment pursuant to Rule 56,[1] and an anti-

26   / / / / /

27   ─────────────────

28          [1]      Rules 12(b)(6) and 56 are made applicable to bankruptcy adversary proceedings
     pursuant to Rules 7012 and 7056 of Federal Rules of Bankruptcy Procedure.

1    SLAPP[2] motion to strike pendent state law claims.  Appellants, represented by counsel, did not

2    oppose the motion to dismiss or in the alternative for summary judgment.  They filed an

3    untimely opposition to the anti-SLAPP motion, which the Bankruptcy Court did not consider.  It

4    considered the merits of both motions, granted them and entered judgment for Appellees.

5    Appellants, proceeding *pro se*, appeal the judgment.

6         Appellant/Debtor James Keenan filed a voluntary Chapter 11 bankruptcy case in 1996.

7    Appellee Ross M. Pyle was appointed Chapter 11 Trustee.  A joint plan of reorganization was

8    confirmed in 1998 and Mr. Pyle was appointed as the Liquidating Trustee ("Trustee").  At all

9    relevant times, the remaining Appellees were Trustee's counsel approved by the Bankruptcy

10   Court.  In the underlying bankruptcy case, the Trustee obtained a series of orders, which resulted

11   in a procedure to close the case.  Based on Debtor's objections, the court ordered the Trustee to

12   produce voluminous records and set a deadline for Debtor's filing of any actions or claims

13   against the Trustee and his counsel.  Appellants filed the complaint shortly before the deadline.

14        In their complaint, Appellants alleged the Trustee conspired with his counsel and the

15   Bankruptcy Judge and wrongfully seized various assets, terminated Appellants' compensation,

16   abandoned their residence, mishandled the settlement of a state court judgment and a malpractice

17   claim against Debtor's former counsel, unnecessarily liquidated assets and thus diminished the

18   estate, incurred excessive attorneys' fees and costs, wrongfully deprived them of their ability to

19   hire counsel of their choice, refused to return the estate to Debtor, failed to resign, concealed

20   information from the court related to obtaining court orders, failed to promptly administer the

21   estate and pay creditors, liquidated certain property, mismanaged Mikal, Inc. and other estate

22   assets, sold certain real property, failed to make payments required by the confirmed plan, and

23   breached their fiduciary duty to Appellants.

24        Appellees maintain that all of Trustee's actions which are the subject of Appellants'

25   complaint were taken pursuant to court approval after full disclosure to the court and notice to

26

27        [2]    The motion is based on California's anti-Strategic Lawsuits Against Public
28   Participation ("anti-SLAPP") statute, Cal. Code of Civ. Proc. § 425.16.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1100 (9th Cir. 2003).

07CV451

Debtor.  Furthermore, in the underlying bankruptcy case, Debtor moved for turnover of the estate and for the Trustee's removal for many of the same reasons alleged in the complaint, which motions were denied.  Appellants filed at least three actions against the Trustee and his counsel and appealed numerous Bankruptcy Court decisions to the United States District Court and Court of Appeals.  (*See* Notice of Related Cases, filed Mar. 22, 2007 (58 related cases in the United States District Court and Court of Appeals; *see also* Record ("R") at 1955-56 (thirty some appeals).)  With the exception of the appeals which are still pending, the pertinent courts found against Appellants.  (*See* R at 1961 (appeals affirmed Bankruptcy Court decisions or were dismissed for lack of prosecution).)  The resulting decisions cover a large part of Appellants' allegations in the pending adversary proceeding.

Appellees moved to dismiss or in the alternative for summary judgment and to strike pursuant to California's anti-SLAPP statute.  In support of their motion to dismiss or in the alternative for summary judgment, Appellees argued, among other things, that the complaint was barred by doctrines of quasi-judicial and derived judicial immunity, res judicata and collateral estoppel, and by the statute of limitations.  In support of their motion to strike they argued that Appellants' claims arose from Appellees' protected right to petition in connection with a public issue, and that Appellants could not show probability of prevailing on the merits.  They supported their motions with voluminous records of the relevant prior proceedings, including orders approving Trustee's actions and decisions on appeal affirming Bankruptcy Court orders.  (*See* R at 96.)

Appellants did not timely oppose the motions.[3]  Instead, they untimely requested a 90-day continuance.  (*Id*. at 1615, 1640 (untimely), 1643 (untimely), 1917 (untimely) 2285 (untimely).)  The request was based on Bankruptcy Rules 9006(b) and 7056(f) and claimed that the voluminous nature of the motions, the number of legal issues raised and need to conduct discovery mandated a 90-day continuance.  (*Id*. at 1615-17, 1639-41, 1956-57, 1962.)  Appellees

---

[3]     On the opposition due date, Debtor, proceeding *pro se*, filed an action against the Bankruptcy Judge in the District Court, alleging the case should be transferred to another judge due to bias.  (*See* R at 1939, 1955, 2282.)

opposed the request.  (*Id*. at 1623.)  The request was denied because many of the voluminous documents were pleadings and transcripts from earlier bankruptcy proceedings which Appellants already had and had an opportunity to review in the preceding years.  (*Id*. at 2280.)  In addition, the request lacked any specifics to show why 90 days was needed to prepare an opposition or why the discovery was needed.  (*See id.* at 1954, 1956, 1962, 2280.)  Without giving proper notice (*see id.* at 2277-78), Appellants filed a motion to reconsider[4] (*id*. at 1639), which Appellees opposed (*id*. at 1677).  The motion was denied.  (*Id*. at  2277; *see also id.* at 2363-64.)  Nevertheless, Appellants untimely filed an opposition to motion to strike.  (*Id*. at 2266.)  At no time did they file an opposition to motion to dismiss.

At the hearing, the Bankruptcy Judge considered both motions unopposed.  (R at 2353, 2363.)  However, his orders granting the motions were not based on the lack of opposition.  They were based on findings on the merits.  (*See id*. at 2353, 2363-64.)

Appellees' motion to dismiss was granted based in part on the finding that each of Appellants' claims was barred by doctrines of quasi-judicial and derived judicial immunity.  (*Id*. at 2357-58.)  In addition, the doctrines of res judicata and collateral estoppel barred most of the claims.  (*Id*. at 2358-59.)  The Bankruptcy Judge also found that the issues that had been previously raised were barred by the statute of limitations; negligence claims against the Trustee were barred by the terms of the plan; the Trustee's counsel did not owe Appellants the same fiduciary duty as the Trustee; and the counsel were not liable for breach of  contract because they were not parties to any contract with Appellants.  (*Id*. at 2359-60.)  Last, Appellants' challenge to Bankruptcy Court's jurisdiction was rejected as patently without merit.  (*Id*. at 2360-61.)  Leave to amend was denied because the immunity doctrines precluded any basis to amend.  (*Id*. at 2361.)  The motion to strike was granted based on findings that all of Appellants' claims arose out of the bankruptcy proceedings and that the immunity doctrines precluded Appellants from making a *prima facie* case of probability of success on the merits.  (*Id*. at 2364-

---

[4]    Simultaneously, they filed a motion to disqualify the Bankruptcy Judge.  (R at 1651; *see also id*. at 1939, 1954, 2281-82.)  The motion was considered and denied by another Bankruptcy Judge.  (*Id*. at 1979; *see also id*. at 1970.)

66.)

A Bankruptcy Court's conclusions of law regarding immunity are reviewed *de novo*, while findings of fact are reviewed for clear error. *Curry v. Castillo (In re Castillo)*, 297 F.3d 940, 946 (9th Cir. 2002).

A bankruptcy court's dismissal for failure to state a claim under Rule 12(b)(6) is reviewed *de novo*. *Blyler v. Hemmeter (In re Hemmeter)*, 242 F.3d 1186, 1189 (9th Cir. 2001). Review is limited to the allegations of the complaint. *Bennett v. Williams*, 892 F.2d 822, 823 (9th Cir. 1989). However, matters of public record outside the pleadings, such as the voluminous records of prior proceedings relied upon by Appellees in the Bankruptcy Court, may be considered along with the complaint and consideration of such matters does not convert a motion to dismiss to a motion for summary judgment. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). Failure to permit leave to amend is reviewed for abuse of discretion. *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991). An order of dismissal may be affirmed on any ground supported by the record, even if the lower court relied on different grounds or reasoning. *Maldonado v. Harris*, 370 F.3d 945, 949 (9th Cir. 2004).

Orders granting an anti-SLAPP motion to strike is reviewed *de novo*. *Bosley Med. Inst., Inc. v. Kremer*, 403 F.3d 672, 676 (9th Cir. 2005).

Denial of Appellants' request for a continuance to file their opposition briefs is reviewed for abuse of discretion. *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001) ("A district court's decision regarding a continuance is given great deference, and will not be disturbed on appeal absent clear abuse of the court's discretion.").

On many occasions Appellants do not present clear arguments in their briefs but merely obliquely suggest there may be an argument based on conclusory assertions and without citation to pertinent authority. The court here declines to consider such "arguments."

> We review only issues which are argued specifically and distinctly in a party's opening brief. We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim, particularly when, as here, a host of other issues are presented for review. . . . Judges are not like pigs, hunting for truffles buried in briefs.

*Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994) (internal citations, quotation marks and

07CV451

1    brackets omitted).

2         The court first turns to Appellants' argument that the Bankruptcy Court abused its

3    discretion in denying their request for a continuance.  In denying their request, the Bankruptcy

4    Court reasoned:

5         In this Court's view, this adversary proceeding is different from most others
          because here plaintiffs complain of events which have occurred in the context of
6         Mr. Keenan's bankruptcy over approximately ten years, during which time many
          of the Court's decisions were appealed.  The Court recognizes that many of those
7         appeals were abandoned or dismissed, but the conduct was always reviewable.
          Mr. Keenan has been a party to virtually all the proceedings in the intervening
8         years, received copies of pleadings and orders, appeared for years in his own
          behalf or on behalf of himself and Mrs. Keenan, and made arguments to the Court.
9         The trustee tried to get Mr. Keenan to review the documents in the trustee's
          possession.  The trustee tried to set up a process for review, then closure of the
10        case, which Mr. Keenan opposed and the Court initially denied in 2001.  In 2003
          the trustee made a new motion to aid in closure of the case.  Debtor opposed, but
11        the Court granted a version of the motion that required the trustee to make
          available all documents in his actual or constructive possession for examination,
12        and debtor was given a year to complete his review.
               Plaintiffs have made no showing of what discovery would be relevant to
13        opposing the defendants' motions, much less why it was not available to them
          under the Closure Order or through the court file.

14

15   (R at 2284-85.)  The Bankruptcy Court also incorporated Appellees' argument that no

16   continuance or discovery was warranted because "many of the documents supporting the moving

17   papers were documents [Appellants] already had and were pleadings and transcripts from earlier

18   proceedings."  (*Id.* at 2280, 2285.)  The Bankruptcy Court further reasoned that Appellants failed

19   to make "even a minimal showing of why . . . [they] are, and have been, unable to respond to the

20   motions."  (*Id.* at 2286).

21        On appeal, Appellants maintain the denial was in error because "[t]he Respondents spent

22   over 435 hours utilizing six experienced attorneys to file the pleadings which resulted in the

23   dismissal of this lawsuit."  (Appellant's Brief at 19.)  This argument was not presented to the

24   Bankruptcy Court, and could be rejected solely on this ground.  (*See* discussion *infra*.)

25   Furthermore, they do not dispute the accuracy of the factual basis of the Bankruptcy Court's

26   ruling and do not attempt to cure the defects noted by the Bankruptcy Court.  The reasons

27   provided by the Bankruptcy Court do not support a finding of abuse of discretion.  The

28   Bankruptcy Court's order denying Appellants' request for a continuance is therefore affirmed.

1    / / / / /

2       Although they never filed an opposition to Appellees' motion to dismiss, Appellants seek

3    reversal of the Bankruptcy Court order.  They raise arguments which they did not present to the

4    Bankruptcy Court.

5           Except in the case of jurisdictional questions or where particular circumstances
            indicate that injustices might otherwise result or where public policy requires, this
6           court declines to consider arguments for reversal that were not presented in the
            [lower] court.
7

8    *Ratanasen v. Cal. Dept. of Health Serv.*, 11 F.3d 1467, 1473 (9th Cir. 1993), quoting *Diamond*

9    *Door Co. v. Lane-Stanton Lumber Co.*, 505 F.2d 1199, 1206 (9th Cir. 1974); *see also RK*

10   *Ventures, Inc. v. Seattle*, 307 F.3d 1045, 1061 n. 13 (9th Cir. 2002).  This doctrine applies

11   "unless necessary to prevent manifest injustice."  *In re Ryther (Ryther v. Lumber Prod., Inc.)*,

12   799 F.2d 1412, 1414 (9th Cir. 1986), quoting *Komatsu, Ltd. v. States Steamship Co.*, 674 F.2d

13   806, 812 (9th Cir. 1982).

14      Appellants claim they did not file an opposition because their request for a continuance

15   was denied.  They claim in this court that they needed a continuance because Appellees spent

16   over 435 hours utilizing six experienced attorneys in preparing their voluminous motions.  As

17   discussed above, this reason is not persuasive.  Accordingly, no injustice is visited by declining

18   to consider the arguments raised for the first time on appeal.

19      In the alternative, upon review of the record, this court agrees with the Bankruptcy Court

20   that the quasi-judicial and derived judicial immunities bar all of Appellants' claims.

21      Quasi-judicial immunity applies "to nonjudicial officers only if they perform official

22   duties that are functionally comparable to those of judges; i.e., duties that involve the exercise of

23   discretion in resolving disputes."  *Castillo*, 297 F.3d at 948.  "[T]o determine whether a

24   nonjudicial officer is entitled to absolute quasi-judicial immunity, courts must look to the nature

25   of the function performed and not to the identity of the actor performing it."  *Id*.  "[I]t is only

26   when the judgment of an official other than a judge involves the exercise of discretionary

27   judgment that judicial immunity may be extended to the nonjudicial officer."  *Id*. at 949.

28      On appeal, Appellants' substantive arguments are primarily directed to the Bankruptcy

07CV451

Court's ruling regarding derived judicial immunity rather than quasi-judicial immunity.  (*See* Appellants' Brief at 3-7.)  The only arguments applicable to quasi-judicial immunity challenge its applicability to (1) declaratory and injunctive relief; and (2) contract trustees.  These arguments are unavailing.  "[Q]uasi-judicial immunity available to federal officers is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief."  *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996), quoting *Mullis v. Bkrtcy Ct. for the D. Nev.*, 828 F.2d 1385, 1395 (9th Cir. 1987).  A finding of quasi judicial immunity therefore applies to Appellants' claims for declaratory and injunctive relief as well as damages.  The contract trustee argument is based on the fact that the Trustee was appointed as Liquidating Trustee by the Bankruptcy Court pursuant to the reorganization plan.  (*See* R at 129.)  To determine whether quasi-judicial immunity applies, the court does not look to the identity of the actor performing the acts, but the nature of the functions performed.  *Castillo*, 297 F.3d at 948.  It is therefore irrelevant how the Trustee was appointed.  The Trustee's actions of which Appellants complain were official duties which involved the exercise of discretion in resolving the bankruptcy case.  Consequently, quasi-judicial immunity bars all claims against the Trustee.

In addition, bankruptcy trustees and their counsel are entitled to broad derived judicial immunity "when acting within the scope of their authority and pursuant to court order."  *Bennett*, 892 F.2d at 823.  To qualify for derived judicial immunity, (1) the trustee should obtain court approval and give notice to the debtor of a proposed action; (2) the trustee's disclosure to the court must be candid; and (3) the act must be within the trustee's official duties.  *Id*.

On appeal, Appellants do not identify any of Trustee's actions taken without prior court approval and do not maintain that any actions were taken without prior notice to the Debtor.  They admit that the Trustee's actions were taken in his capacity as a court-appointed bankruptcy trustee.  (*See* R at 3, 11.)  They argue that (1) Appellees acted in conspiracy with the Bankruptcy Judge; (2) Bankruptcy Court orders were issued in the absence of jurisdiction and were void; and (3) the Trustee failed to make a candid disclosure to the Bankruptcy Court.

First, Appellants complain that Appellees conspired with the Bankruptcy Judge to consistently rule against Appellants.  However, immunity is not lost by allegations that a judge

1  /////

2  conspired with a litigant and his counsel to rule against another litigant.  *Moore*, 96 F.3d at 1244,

3  citing *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (*en banc*).

4          Second, Appellants argue that the Bankruptcy Court lacked subject matter and personal

5  jurisdiction over certain properties and parties, its orders are void because they were obtained by

6  fraud, and all orders issued after March 2002 were void because the Bankruptcy Judge allegedly

7  did not take an oath of office.  These arguments are without merit.

8          As to subject matter jurisdiction,

9          The filing of a bankruptcy petition creates a bankruptcy estate, consisting of all of
         the debtor's legal or equitable interests in property "wherever located and by
10         whomever held." 11 U.S.C. § 541(a).  Thus, the district court in which the
         bankruptcy case is commenced obtains exclusive in rem jurisdiction over all of the
11         property in the estate.  The court's exercise of in rem bankruptcy jurisdiction
         essentially creates a fiction that the property – regardless of actual location – is
12         legally located within the jurisdictional boundaries of the district in which the
         court sits.  Thus, the jurisdiction of the bankruptcy court exceeds that of any other
13         court-appointed receiver.  The requirement of uniform application of bankruptcy
         law dictates that all legal proceedings that affect the administration of the
14         bankruptcy estate be brought either in bankruptcy court or with leave of the
         bankruptcy court.

15

16  *Beck v. Fort James Corp. (In re Crown Vantage, Inc.)*, 421 F.3d 963, 971 (9th Cir. 2005) (some

17  internal quotation marks and citations omitted); *see also* 28 U.S.C. § 157(a) & (b)(1) (referral

18  from district to bankruptcy courts) & (b)(2).  This subject matter jurisdiction is exclusive.  28

19  U.S.C. § 1334(a).  Appellants contend that the Trustee took control of certain assets, however,

20  they do not mention that Debtor held an interest in them.  Accordingly, Appellants' conclusory

21  assertions that the Bankruptcy Court lacked subject matter jurisdiction (*see* Appellants' Brief at

22  4, 5, 6, 8, 9-10) is unavailing.

23          Appellants also assert in a conclusory manner that the Bankruptcy Court lacked personal

24  jurisdiction.  (*Id.* at 9-10.)  This is baffling because both Appellants are, and at all relevant times

25  were, residents of San Diego, California.  (R at 2.)  Under Bankruptcy Rule 7004(f), personal

26  jurisdiction in this case is established by service:

27          (f) Personal jurisdiction

28          If the exercise of jurisdiction is consistent with the Constitution and laws of the

9

> United States, serving a summons or filing a waiver of service in accordance with this rule or the subdivisions of Rule 4 F.R. Civ. P. made applicable by these rules is effective to establish personal jurisdiction over the person of any defendant with respect to a case under the [Bankruptcy] Code or a civil proceeding arising under the Code, or arising in or related to a case under the Code.

Appellants do not maintain that they were not served with process.  Furthermore, they have participated in the bankruptcy case and related proceedings for more than ten years.  Any personal jurisdiction argument they may have once had has been waived.  *See United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984).  Their personal jurisdiction argument is therefore also unavailing.

To the extent Appellants argue that Bankruptcy Court orders are void because they were obtained by fraud, their allegations do not meet the particularity requirements of Rule 9(b).[5]

Assuming the truth of Appellants' allegation that the Bankruptcy Judge did not take the oath of office (*cf.* R at 2360), this fact does not void Bankruptcy Court orders.  *See Vaccari v. Maxwell*, 28 F. Cas. 862, 865 (C.C. N.Y. 1855) (oath of office is not a prerequisite for rightful authorization where the official is in possession of a place which has the character of a public office); *People ex rel. Barrett v. Finnegan*, 38 N.E.2d 715, 722 (Ill. 1941) (same).

Third, Appellants maintain that the Trustee failed to make a candid disclosure to the Bankruptcy Court regarding the order pertaining to the Pier Block Properties and Mikal, Inc. (Ogden and Guiffre stock purchase notes).  The alleged incomplete disclosures pertaining to Mikal, Inc. have already been addressed in *Keenan et al. v. Mikal, Inc.*, U.S. Dist. Ct. S.D. Cal., case no. 99cv2339-TW and *Keenan et al. v. Pyle et al.*, U.S. Dist. Ct. S.D. Cal., case no. 99cv1993-BTM (LSP), (*see* R at 1351, 1386), where the District Court found against Appellants. This court therefore declines to revisit the same issue.  With respect to Pier Block Properties, Appellants allege that the Trustee intentionally falsely represented to the court he did not have the trust and purchase agreements documenting ownership interests in the property and that there was a dispute as to those interests, justifying the sale of Appellants' interest for a sum lower than deemed appropriate by Appellants.  (Appellants' Brief at 6.)  However, neither in the Complaint

---

[5]      Rule 9(b) is made applicable to bankruptcy proceedings by Bankruptcy Rule 7009.

07CV451

1    / / / / /

2    nor in their brief Appellants in any way identify the order which was allegedly issued based on

3    Appellees' failure to candidly disclose the ownership interests.

4          Appellants also offer to amend their complaint to assert other incomplete disclosures.  (*Id.*

5    at 7.)  However, Appellants did not make this representation in the Bankruptcy Court, nor do

6    they offer any specifics as to the alleged nondisclosures.  Considering that the alleged and

7    proposed alleged incomplete disclosures pertain to bankruptcy proceedings in which Appellants

8    were involved and documents with which Appellants were familiar, there is no reason why

9    Appellants could not have raised the issue in the proceeding in which the pertinent order was

10   issued or enumerated all the alleged instances of nondisclosures in their initial complaint

11   together with the pertinent order.  Even if the Bankruptcy Court had been able to consider

12   Appellants' belated suggestion that they could amend the complaint, denial of leave to amend

13   would be justified based on undue delay and prejudice to the opposing party.  *See United States*

14   *ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1527 (9th Cir. 1995); *Cahill v. Liberty*

15   *Mutual Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).  This adversary action is the last thing

16   delaying the closure of this almost twelve-year old case.  (*See* R at 2354.)

17         Appellants argue the Bankruptcy Court erred by denying them leave to amend because "it

18   was never established that leave to amend would be futile."  (Appellant's Brief at 19.)  This is

19   not the case.  The Bankruptcy Court concluded that the immunity doctrines precluded any basis

20   for leave to amend.  (R at 2361.)  Appellants present no argument and cite no authority to

21   suggest that this conclusion was an abuse of discretion.  When the claims would be barred under

22   any internally consistent set of facts, it would be futile to amend.  *Swartz v. KPMG LLP*, 476

23   F.3d 756, 761 (9th Cir. 2007); *see also Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir.1988) (if

24   "the allegation of other facts consistent with the challenged pleading could not possibly cure the

25   deficiency, then . . . dismissal without leave to amend is proper.").  Accordingly, the Bankruptcy

26   Court order dismissing Appellants' complaint without leave to amend is affirmed.

27         The court next turns to the anti-SLAPP motion to strike under California Code of Civil

28   Procedure Section 425.16, which provides in pertinent part,

07CV451

1  /////

2      (b)(1)  A cause of action against a person arising from any act of that person in
       furtherance of the person's right of petition or free speech under the United States
3      or California Constitution in connection with a public issue shall be subject to a
       special motion to strike, unless the court determines that the plaintiff has
4      established that there is a probability that the plaintiff will prevail on the claim.

5  The court therefore engages in a two-part inquiry:

6      First, a defendant must make an initial prima facie showing that the plaintiff's suit
       arises from an act in furtherance of the defendant's rights of petition or free speech.
7      . . . [¶]  Second, once the defendant has made a prima facie showing, the burden
       shifts to the plaintiff to demonstrate a probability of prevailing on the challenged
8      claims.  If the court determines that the plaintiff has established that there is a
       probability that the plaintiff will prevail on the claim," the motion to strike must be
9      denied.

10 *Vess*, 317 F.3d at 1110 (internal quotation marks and citations omitted).

11      Appellants argue that none of their claims fall within the protection of the statute.  For

12 purposes of the statute,

13     "act in furtherance of a person's right of petition or free speech under the United
       States or California Constitution in connection with a public issue" includes: (1)
14     any written or oral statement or writing made before a . . . judicial proceeding, or
       any other official proceeding authorized by law; [or] (2) any written or oral
15     statement or writing made in connection with an issue under consideration or
       review by a  . . judicial body, or any other official proceeding authorized by law;
16     . . ..

17 Cal. Code Civ. Proc. § 425.16(e).  Other than summarizing the allegations of their pendent state

18 law claims, Appellants offer no argument or legal authority to counter the Bankruptcy Court's

19 finding that they arose out of Appellees' acts in furtherance of their right to petition the

20 Bankruptcy Court.  Based on Appellants' own admission (*see* R at 11), it is apparent that

21 pendent state law claims arose from the Trustee's actions in his position as Bankruptcy Trustee

22 in administering the estate.  The pendent state law claims therefore arose from the Trustee's acts

23 in furtherance of his right to petition the Bankruptcy Court.

24      Appellants do not specifically argue that they demonstrated in the Bankruptcy Court the

25 probability of prevailing on the pendent state law claims.  (*See* Appellant's Brief at 14-19.)

26 Where the lower court dismisses the underling complaint with prejudice and the dismissal is

27 affirmed, a finding that the plaintiff established probability of success is precluded.  *Vess*, 317

28 /////

12                                                                                    07CV451

F.3d at 1110.  The Bankruptcy Court's grant of the anti-SLAPP motion to strike is therefore affirmed.

       For the foregoing reasons, the judgment of the Bankruptcy Court is **AFFIRMED**.

       **IT IS SO ORDERED.**

DATED:  March 28, 2008

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. RUBEN B. BROOKS
UNITED STATES MAGISTRATE JUDGE

ALL COUNSEL/PARTIES

07CV451